United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60910
Summary Calendar

NDIAGA GUEYE

                    Petitioner

        v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 140 127
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ndiaga Gueye petitions for review of an order of the Board
of Immigration Appeals (BIA) affirming the immigration judge's
decision to deny his applications for asylum and withholding of
removal under both the Immigration and Nationality Act (INA) and
the Convention Against Torture (CAT).  Gueye argues that the BIA
erred in determining that he had not established past persecution
based on his political affiliation, a well-founded fear of future
persecution, or that it was more likely than not that he would be
tortured if he were returned to Senegal.  He contends that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established his eligibility for asylum and withholding of removal under both the INA and the CAT by adducing evidence concerning the likelihood that Senegalese officials will persecute him based on his membership in the Movement for Democratic Forces in Casamance (MFDC).

The record evidence in the instant case does not compel a conclusion contrary to the BIA's determination that Gueye was not entitled to asylum or withholding of removal under the INA. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). The search of Gueye's home is insufficient to establish past persecution. See Shehu v. Gonzales, 443 F.3d 435, 440 & n.8 (5th Cir. 2006). The record evidence also fails to establish that Gueye has a reasonable fear of future persecution based on his MFDC membership. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). To the contrary, Gueye has openly and safely returned to Senegal on two separate occasions. This fact alone undercuts his claim that he fears being persecuted if he is returned to Senegal. Gueye's INA claims are unavailing.

Gueye's CAT claim is likewise unavailing, as he has failed to show that he will likely be tortured if he is returned to Senegal. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). Gueye's petition for review is DENIED.